UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUTH ELLA PRESTON, | ) |
| | ) No. CV-10-101-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on March 4, 2011 (Ct. Rec. 13, 16). Attorney Rebecca Coufal represents Plaintiff; Special Assistant United States Attorney Richard Rodriguez represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 6). After reviewing the administrative record and the briefs filed by the parties, the court **grants** Defendant's Motion for Summary Judgment (Ct. Rec. 16) and **denies** Plaintiff's Motion for Summary Judgment (Ct. Rec. 13).

## JURISDICTION

Plaintiff protectively filed applications for supplemental security income (SSI) and disability insurance benefits (DIB) on

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 1 -

July 3, 2008, alleging onset as of June 30, 2006 due to bipolar disorder and borderline personality disorder (Tr. 116-122, 138). The applications were denied initially and on reconsideration (Tr. 71-74, 76-80). Administrative Law Judge (ALJ) Marie Palachuk held a hearing on September 30, 2009. Plaintiff, represented by counsel, psychological expert Ronald Klein, Ph.D., and a vocational expert testified (Tr. 34-62). On October 21, 2009, the ALJ issued a decision finding plaintiff is not disabled (Tr. 11-27). The Appeals Council denied plaintiff's request for review five months later, on March 12, 2010 (Tr. 1-4). The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on April 9, 2010 (Ct. Rec. 1, 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, referred to as necessary in the briefs of both plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 26 years old when she applied for benefits and 29 when the ALJ filed her decision. She earned a GED, attended college for two years, and has worked as a receptionist and fast food worker (Tr. 46, 57-58, 139, 208). She alleges disability as of June 30, 2006, due to bipolar disorder, personality disorder, and back pain (Tr. 138). When plaintiff applied for disability she stated she is unable to focus or complete tasks, feels depressed, has mood swings, and was fired from jobs because she was unable to focus and complete tasks (Tr. 138, 143).

1    Plaintiff lives alone. She has five children. At the hearing

2  Ms. Preston testified she sees her children during supervised

3  visits[1] (Tr. 49, 51-52, 54). She has memory problems, anxiety, and

4  irritability. If she sits more than 5-10 minutes, or stands too

5  long, she experiences back pain (Tr. 46-51). She dislikes loud

6  noises. Once when it was very loud during a supervised visit,

7  plaintiff punched a cupboard "really hard" (Tr. 56). Ms. Preston

8  drives, cooks occasionally, and listens to music (Tr. 51-52). She

9  enjoys tennis, bowling, and playing cards (Tr. 383). In 2003 and

10  2005, she was charged with DUI (Tr. 52-54, 208, 384).

11                  **SEQUENTIAL EVALUATION PROCESS**

12    The Social Security Act (the Act) defines disability as the

13  "inability to engage in any substantial gainful activity by reason

14  of any medically determinable physical or mental impairment which

15  can be expected to result in death or which has lasted or can be

16  expected to last for a continuous period of not less than twelve

17  months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also

18  provides that a Plaintiff shall be determined to be under a

19  disability only if any impairments are of such severity that a

20  plaintiff is not only unable to do previous work but cannot,

21  considering plaintiff's age, education and work experiences,

22  engage in any other substantial gainful work which exists in the

23  national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

24  Thus, the definition of disability consists of both medical and

25  vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156

26

27        [1]The record indicates CPS removed plaintiff's children from
    her care in 2003 (Tr. 212) and 2008 (Tr. 354), and moved to
28  terminate her parental rights in May 2009 (Tr. 432).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 3 -

(9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 4 -

view of plaintiff's residual functional capacity, age, education
and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work. The burden
then shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which
plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol
addiction (DAA) is not a contributing factor material to
disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).
The Social Security Act bars payment of benefits when drug
addiction and/or alcoholism is a contributing factor material to a
disability claim. 42 U.S.C. §§ 423 (d)(2)(C)and 1382(a)(3)(J);
*Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v.
Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there was
evidence of DAA and the individual succeeds in proving disability,
the Commissioner must determine whether DAA is material to the
determination of disability. 20 C.F.R. §§ 404.1535 and 416.935.
If an ALJ finds that the claimant is not disabled, then the
claimant is not entitled to benefits and there is no need to
proceed with the analysis to determine whether substance abuse is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 5 -

1 a contributing factor material to disability. However, if the ALJ
2 finds that the claimant is disabled, then the ALJ must proceed to
3 determine if the claimant would be disabled if he or she stopped
4 using alcohol or drugs.

5                          **STANDARD OF REVIEW**

6      Congress has provided a limited scope of judicial review of a
7 Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
8 the Commissioner's decision, made through an ALJ, when the
9 determination is not based on legal error and is supported by
10 substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th
11 Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
12 "The [Commissioner's] determination that a plaintiff is not
13 disabled will be upheld if the findings of fact are supported by
14 substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
15 Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is
16 more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
17 1119 n. 10 (9th Cir. 1975), but less than a preponderance.
18 *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
19 *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
20 573, 576 (9th Cir. 1988). Substantial evidence "means such
21 evidence as a reasonable mind might accept as adequate to support
22 a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
23 (citations omitted). "[S]uch inferences and conclusions as the
24 [Commissioner] may reasonably draw from the evidence" will also be
25 upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On
26 review, the Court considers the record as a whole, not just the
27 evidence supporting the decision of the Commissioner. *Weetman v.*
28 *Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v.*

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 6 -

*Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

ALJ Palachuk found plaintiff was insured for DIB purposes through June 30, 2010 (Tr. 16). At step one, the ALJ found Ms. Preston did not engage in substantial gainful activity after onset (Tr. 16). At steps two and three, she found plaintiff suffers from polysubstance abuse disorder (DAA) and a mood disorder, impairments that are severe but that do not alone or in combination meet or medically equal a Listed impairment (Tr. 16, 18-19). The ALJ found plaintiff less than fully credible (Tr. 23). At step four, she found plaintiff is able to perform her past work as a salad bar food preparer or fast food worker (Tr. 26). Because Ms. Preston can perform past work, the ALJ found she is not disabled as defined by the Social Security Act (Tr. 26-27). The

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 7 -

ALJ did not perform the *Bustamante* analysis because she found plaintiff is not disabled.

**ISSUES**

Plaintiff alleges the ALJ erred when she (1) found bipolar disorder, personality disorder, and back pain are not severe impairments; (2) failed to credit examining psychologist W. Scott Mabee, Ph.D.'s opinions, and (3) engaged in speculation (Ct. Rec. 14 at 10-16).

Asserting the ALJ appropriately weighed the evidence and assessed credibility, the Commissioner asks the Court to affirm (Ct. Rec. 17 at 7-18).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not

"necessarily conclusive as to either a physical condition or the
ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747,
751 (9th Cir. 1989)(citations omitted). More weight is given to a
treating physician than an examining physician. *Lester v. Chater*,
81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is
given to the opinions of treating and examining physicians than to
nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592
(9th Cir. 2004). If the treating or examining physician's opinions
are not contradicted, they can be rejected only with clear and
convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the
ALJ may reject an opinion if he states specific, legitimate
reasons that are supported by substantial evidence. *See Flaten v.
Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir.
1995).

     In addition to the testimony of a nonexamining medical
advisor, the ALJ must have other evidence to support a decision to
reject the opinion of a treating physician, such as laboratory
test results, contrary reports from examining physicians, and
testimony from the claimant that was inconsistent with the
treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747,
751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th
Cir. 1995).

     I. *Psychological impairment*

     Dr. Mabee first evaluated plaintiff on May 12, 2008, for a
DSHS claim (Tr. 207-216). He had no medical records to review.
According to plaintiff, she could not work because she has five
children under the age of eight, with special needs (Tr. 207). She
drank a week ago and has not used marijuana since she was 19 years

old. She spends evenings talking to a friend or on the internet (Tr. 209). Dr. Mabee notes MMPI-2 results are of questionable validity due to over-reporting of negative symptoms (Tr. 211). He diagnosed bipolar disorder, personality disorder NOS, and assessed a GAF of 50-55 (Tr. 211). He recommended therapy and continued medication management (Tr. 211-212).

In June 2008, plaintiff said she was not depressed and declined antidepressants (Tr. 230). On July 30, 2008, she admitted taking a friend's prescribed clonazepam [generally prescribed to treat seizures or panic attacks] (Tr. 199). At an evaluation on August 2, 2008, plaintiff admitted consuming alcohol (Tr. 199). On September 13, 2008, she tested positive for marijuana and had stopped taking all prescribed medication (Tr. 199). On October 16, 2008, she admitted occasionally using marijuana (Tr. 199).

In January 2009, Kelly Munroe, CD/PT, diagnosed a mild mood disorder and assessed a GAF of 68 (Tr. 389, 393), indicating only mild symptoms or limitations. John Tran, M.D., diagnosed a mood disorder, NOS, on May 8, 2009, and changed prescribed medication (Tr. 364). At the time Ms. Preston was attending Apollo College (Tr. 366, 425). On June 5, 2009, she admitted taking a friend's prescribed dilaudid (Tr. 349). Treatment provider Barbara Brandon, D.O., denied Ms. Preston's narcotics request (Tr. 349, 351).

The ALJ considered Dr. Mabee's more recent opinion on September 14, 2009 (Tr. 17, 442-453). He diagnosed bipolar disorder, cannabis abuse in sustained full remission by report, and borderline intellectual functioning/borderline personality disorder, NOS; assessed a GAF of 50, and opined marked and

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 10 -

moderate limitations would last a maximum of 12 months (Tr. 445, 447-448).

The ALJ considered Dr. Klein's testimony (Tr. 17). After he reviewed the record, including plaintiff's psychological test results, he opined Ms. Preston suffers from substance abuse disorder (DAA) and a mood disorder (Tr. 40, 42). He opined the evidence does not support diagnoses of bipolar, personality, or borderline intellectual functioning (BIF) disorders (Tr. 39-41, 44-45). Dr. Klein testified plaintiff's results on some of the tests given by Dr. Mabee are inconsistent. On one pair of tests, for instance, Ms. Preston scored lower on the much simpler of the two tests, a result Dr. Klein opined undercut a diagnosis of BIF disorder. When DAA is excluded, Dr. Klein opined plaintiff's remaining limitations due to mood disorder would be mild (Tr. 43).

II. *Plaintiff's credibility*

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible (Tr. 23). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony

as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Two of the factors the ALJ relied on include plaintiff's inconsistent statements and unexplained medical non-compliance (Tr. 23-26).

Plaintiff told Dr. Mabee in May 2008 she was drug free, but a drug screen in September 2008 was positive for marijuana (Tr. 21; 238, *cf*. Tr. 209 *with* Tr. 238). Plaintiff was fired from jobs because of mental impairments (Ex. 1E/7), has never been fired because of her condition (Tr. 165, 209), and lost her job at a salad bar because she did not have child care (Tr. 171). Plaintiff's inconsistent statements provide a clear and convincing reason to doubt her credibility.

The ALJ correctly observes plaintiff has an unexplained history of starting and stopping prescribed medication, unbeknownst to the prescribing professionals (Tr. 22, 236, 255, 259, 261, 313, Ex. 4F, Ex. 10F). This is also a clear and convincing reason to find her less than fully credible.

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 12 -

(proper factors include inconsistencies in plaintiff's statements,
inconsistencies between statements and conduct, and extent of
daily activities). Noncompliance with medical care or unexplained
or inadequately explained reasons for failing to seek medical
treatment cast doubt on a claimant's subjective complaints. *Fair
v. Bowen*, 885 F,2d 597, 603 (9th Cir. 1989).

The ALJ is responsible for reviewing the evidence and
resolving conflicts or ambiguities in testimony. *Magallanes v.
Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the
trier of fact, not this court, to resolve conflicts in evidence.
*Richardson*, 402 U.S. at 400. The court has a limited role in
determining whether the ALJ's decision is supported by substantial
evidence and may not substitute its own judgment for that of the
ALJ, even if it might justifiably have reached a different result
upon de novo review. 42 U.S.C. § 405 (g).

The ALJ gave clear and convincing reasons for her
unchallenged credibility assessment, and it is supported by
substantial evidence.

As noted, plaintiff alleges the ALJ failed to properly credit
Dr. Mabee's opinions. The ALJ gave little credit to his May 12,
2008, opinion because although plaintiff denied DAA, a drug screen
in September 2008 was positive for marijuana (Tr. 21, 209, 238). A
contradicted opinion based on unreliable self-reporting may
properly be discounted. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216
(9th Cir. 2005). Plaintiff has inconsistently reported drug use on
numerous other occasions throughout the record. *See e.g.*, admits
used friend's clonazepam and denies DAA (7/30/08 at Tr. 261);
admits occasionally smokes marijuana (10/16/08 at Tr. 255); denied

any DAA from 2006-2008 (5/21/09 at Tr. 381); and denies using alcohol or methamphetamine since 2005, but occasionally smokes marijuana (1/5/09 at Tr. 355).

With respect to Dr. Mabee's more recent August 2009 evaluation, the ALJ notes plaintiff told him she hears and sees spirits, they follow her, and they turn her lights on and off (Tr. 25, 449). The ALJ gave little weight to Dr. Mabee's opinion plaintiff is not deliberately distorting the clinical picture, because his opinion is inconsistent with the evidence overall, and, it appears to the ALJ, plaintiff "has consciously attempted to portray limitations that are not actually present in order to increase the chance of obtaining benefits" (Tr. 25). The ALJ notes plaintiff told DSHS she was barely passing her college courses, and had problems concentrating but told mental health providers she liked school due to the "structure and routine." The ALJ's reason is specific and supported by the evidence. An ALJ may properly give less weight to diagnoses based on unreliable self-reporting. *Bayliss*, 427 F.3d at 1216. Opinions of examining psychologists that are inconsistent with the rest of the record may also be discounted.

Plaintiff alleges agency reviewing psychologist Mary Gentile, Ph.D., agrees with Dr. Mabee's bipolar disorder diagnosis, another indication the ALJ erred when she failed include it as a severe impairment. The record does not support plaintiff's contention. Dr. Gentile opined plaintiff's impairments do *not* precisely satisfy the diagnostic criteria for bipolar disorder or personality disorder (Tr. 221, 225). Perhaps more importantly, Dr. Gentile assessed moderate limitations but failed to note the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 14 -

presence of DAA (Tr. 218, 232-233). Even so, Dr. Gentile's
assessed mental limitations are consistent with the RFC assessed
by the ALJ.

A treatment provider, Eric Petersen, M.D., notes in July 2008
that plaintiff was diagnosed elsewhere with bipolar disorder.
Symptoms primarily consist of spending sprees and dangerous
driving. Ms. Preston denied DAA (Tr. 261). He recommended a
psychiatric evaluation (Tr. 263). In January 2009, plaintiff
admitted she occasionally smokes marijuana. Cynthia Rounds, ARNP,
diagnosed a mood disorder NOS and *rule out* bipolar disorder (Tr.
355-357). Plaintiff then erroneously reported Ms. Rounds diagnosed
bipolar disorder (Tr. 378).

The ALJ's reasons for discrediting Dr. Mabee's contradicted
diagnoses of bipolar disorder and BIF disorder are specific,
legitimate and supported by substantial evidence. Dr. Klein
testified plaintiff's test results are inconsistent, itself a
specific reason to discredit Dr. Mabee's opinion. Dr. Klein
testified plaintiff's descriptions of her mood swings are more
consistent with a mood disorder than true bipolar disorder. The
record shows Dr. Mabee's diagnosed BIF disorder is not supported
by plaintiff's report she attended college for two years and has
earned average grades; nor by her written comments of record, as
noted by Dr. Gentile. To the extent Dr. Mabee relied on
plaintiff's unreliable self-report, including self-reported
abstinence, the ALJ correctly rejected his opinion.

*III. Physical impairment*

In June 2008, plaintiff stated she has no limitations in
sitting, standing, walking, reaching, or lifting (Tr. 154). She

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 15 -

also stated (on the same form) she is unable to walk or sit without needing to rest, and only able to stand for an hour, and her arms go numb when reaching out and up (Tr. 155). She is able to drive for five hours, cook, shop, play cards, and occasionally clean house (Tr. 160-163, 165).

On August 2, 2008, Ms. Preston suffered a spinal compression fracture after allegedly jumping from a cliff 65 feet high into water near the dam in Post Falls (Tr. 183, 236 243). Tests showed a chronic stable mild anterior wedge compression at T9 (Tr. 239, 241, 246, 267, 315). The ALJ notes a treating doctor [Eric Tubbs, M.D.] opined on September 22, 2008, that he would have expected the initial injury to be well on its way to healing by now, absent worsening compression. The ALJ observes no one placed limitations or restrictions on plaintiff following this injury. (Tr. 25, 260, Ex. 5F/7). In addition, the ALJ points out plaintiff testified she has no problems walking, is able to ignore pain when standing, and is only prescribed medication for a mood disorder, not back pain (Tr. 25). Impairments that can be effectively controlled with medication are not disabling for the purpose of determining eligibility for benefits. *Warre v. Commissioner of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006). In addition, in January 2009 plaintiff denied any current medical problems (Tr. 356) and said she had past back problems (Tr. 377). The ALJ correctly found back pain is not a severe impairment since it would clearly have no more than a minimal effect on plaintiff's ability to perform work-related activities.

**B. Speculation by the ALJ**

Plaintiff alleges the ALJ engaged in speculation:

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 16 -

1
2
3

>       The ALJ states, for instance, "Claimant's medical
>   providers, who did not have a complete history at
>   the time, may have been misled by the symptoms or
>   claimant's self reporting to render subsequently
>   unsupportable diagnoses." (Tr. 17). This is simply
>   speculation.

4

(Ct. Rec. 14 at 13-14).

5
6
7
8
9
10
11

    As noted, the ALJ's assessment of the medical opinions and plaintiff's credibility are both supported by the record and free of legal error. The ALJ correctly notes opinions based on an incomplete history are inherently less reliable than those rendered after reviewing more complete information, particularly when the plaintiff is less than fully credible. Plaintiff's argument is without merit.

12

### CONCLUSION

13
14
15

    Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

16

    **IT IS ORDERED:**

17
18

    1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **granted.**

19
20

    2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **denied.**

21
22
23

    The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

24

    DATED this 28th day of February, 2011.

25

                                 s/ James P. Hutton

26
27

                             JAMES P. HUTTON
                     UNITED STATES MAGISTRATE JUDGE

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 17 -